# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RGIS, LLC,

        Plaintiff,        CASE NO. 19-11866
                                 HON. DENISE PAGE HOOD

v.

KEITH GERDES,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S REQUEST FOR SECURITY OR BOND [#18]

### I. BACKGROUND

**A. Procedural Background**

On June 24, 2019, Plaintiff RGIS, LLC ("RGIS") filed a Complaint against Defendant Keith Gerdes ("Gerdes") alleging: Misappropriation of Trade Secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1836 ("DTSA") (Count 1); Breach of Contract for non-compete obligations (Count 2); Breach of Contract for improper use of confidential information and company property (Count 3); Misappropriation of Trade Secrets under the Michigan Uniform Trade Secrets Act ("MUTA"), M.C.L. 445.1901 *et seq.* (Count 4); and Breach of the Duty of Loyalty (Count 5). [ECF No.1] On July 1, 2019, RGIS filed a Motion for Preliminary Injunction to enjoin Gerdes

from directly and indirectly breaching any provisions of an agreement between both parties. [ECF No. 4] Gerdes did not file a response to RGIS' Motion, but instead filed a Motion to Dismiss RGIS' Complaint for Lack of Personal Jurisdiction on July 29, 2019. [ECF No. 7] A hearing was held on RGIS' Motion on August 14, 2019.

On August 8, 2019, Gerdes filed an Ex Parte Motion for Adjournment of Preliminary Injunction Hearing. [ECF No. 9] RGIS filed a Response on August 9, 2019. [ECF No. 11] Gerdes' Motion was also heard before the Court on August 14, 2019. On August 21, 2018, this Court granted RGIS' Motion for a Preliminary Injunction preventing Gerdes from working at WIS International, Inc. ("WIS") until one year after he resigned from RGIS and sharing trade secrets. [ECF No. 13, Pg.ID 443] On September 11, 2019, Gerdes filed a Notice of Appeal [ECF No. 14] regarding the issuance of the preliminary injunction.

During the Court's deliberations regarding the preliminary injunction and the time period immediately following them, Gerdes did not request that RGIS post bond with the preliminary injunction. This matter is before the Court on Gerdes' Motion for Security or Bond [ECF No. 18] filed on January 6, 2020.

## II.  LEGAL ANALYSIS

### A. Standard of Review

District Courts have discretion whether to require a security bond with a preliminary injunction order. *Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d

2

1171, 1176 (6th Cir. 1995). Despite the literal language of Federal Rule of Civil Procedure 65(c), courts may excuse the issuance of a preliminary injunction without a bond. *Wayne Chemical, Inc. v. Columbus Agency Service Corp.*, 567 F.2d 692, 701 (7th Cir. 1977). The party being enjoined has the burden of establishing the need for a bond and the required amount. *See Appalachian Regional Healthcare, Inc. v. Coventry Health and Life Ins. Co.*, 714 F.3d 424, 432 (6th Cir. 2013). "There is no special exception that mandates that a district court is obligated to require the posting of a security or bond when issuing injunctions in disputes between companies and their former employees." *Delphi Auto. PLC v. Absmeier*, No. 15-CV-13966, 2016 WL 1156741, at *5 (E.D. Mich. Mar. 24, 2016).

### B. Preliminary Injunction Security Bonds

Gerdes argues that the imposed preliminary injunction has interfered with his ability to gain employment and will cause him financial damages upwards of $300,000. In response, RGIS argues that Gerdes' request for a preliminary injunction bond should be denied because (1) any potential damages incurred by Gerdes are because he is not permitted to violate of his noncompete agreement with RGIS by working with WIS; (2) Gerdes' appeal of this Court's Preliminary Injunction Order to the Sixth Circuit limits this Court's jurisdiction to modify the

3

Order to impose a new bond requirement; and (3) imposing a bond is unnecessary because RGIS does not pose a collection risk.

RGIS argues that Gerdes' financial damages estimate is flawed because it is based upon the salary and incentive bonus that he will forfeit by abiding by his noncompete clause with RGIS. RGIS argues that its agreement is valid and that this Court ruled that RGIS is likely to succeed on the merits in its Order issued on August 21, 2019. [ECF No. 13] RGIS asserts that alleging financial damages stemming from a valid noncompete clause is an uncompelling argument and the Court should not reward Gerdes' "wrongful conduct."

RGIS further argues that "[t]he filing of a notice of appeal is an event of jurisdictional significance" which "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Federal Rule of Civil Procedure 62(d) provides that, "[w]hile an appeal is pending from an interlocutory order . . . that grants . . . an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). However, courts in this district have construed the rule narrowly, opining that the rule allows district courts to "(1) preserve the status quo between the parties; or (2) preserve the integrity of the proceedings before the court of appeals . . . not[ing]

that the 'relevant status quo' is 'the new status quo between the parties that the court's grant of the injunction creates.'" *Graveline v. Johnson*, 2018 WL 41484577, at *2-3 (E.D. Mich. Aug. 30, 2018).

RGIS argues that granting a security bond with a pending appeal would alter the status quo rather than preserve it. The Court agrees and finds that Gerdes' arguments would have been more compelling had he made them when the Court initially granted the preliminary injunction, or at least shortly thereafter—i.e. prior to filing a notice of appeal.

RGIS also asserts that it does not pose a collection risk, so a security bond is unnecessary. To support its argument, RGIS cites *Radio One, Inc. v. Wooten*, which found that the "seventh largest radio broadcasting company in the United States [which] owns and/or operates 71 radio stations located in 22 urban markets . . . did not pose a collection risk inasmuch to require the positing of a bond." 452 F. Supp. 2d 754, 760 (E.D. Mich. 2006). RGIS further supports its argument with *Continental Oil Co. v. Frontier Refining Co.*, which found no abuse of discretion when the district court declined to require a preliminary injunction bond. 338 F.2d 780, 782-83 (10th Cir. 1964). *Continental Oil* reasoned that the prevailing corporation had considerable assets and could respond if the defendant did suffer damages from the injunction. *Id.* As RGIS indicates, it is a successful business and a worldwide provider of inventory services, temporary assistance,

merchandising, and store surveying to the retail, wholesale, commercial and supply chain industries. [ECF No. 19, Pg.ID 493] Gerdes has provided the Court with no reason to find that RGIS would struggle to mitigate any financial damages if Gerdes ultimately prevails.

## III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Gerdes' Motion Requesting Security or Bond for the Preliminary Injunction [ECF No. 18] is **DENIED**.

                                                      s/Denise Page Hood
                                                      DENISE PAGE HOOD
DATED: January 24, 2020                Chief Judge